UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.D, Individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) Division No.: |
| INDEPENDENCE SCHOOL DISTRICT, | ) |
| DALE HERL | ) |
| MIKE BECKER, and | ) |
| ROBERT BLUETT 3RD. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, A.D., by and through her counsel Monsees & Mayer, P.C., and for her claims against Defendants Independence School District, Dale Herl, Mike Becker, and Robert Bluett, 3rd , states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction of this matter, pursuant to 28 U.S.C. §1331 and 1343 because Plaintiff seeks relief under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681-1688 ("Title IX"), and this Court has supplemental jurisdiction over Plaintiff's state law claims pleaded herein.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

3. Plaintiff A.D. is a citizen and resident of Jackson County, Missouri. Plaintiff A.D. is referred to in this public filing by pseudonym to maintain confidentiality of her identity.

4. Defendant Independence School District (hereinafter Independence District) is and was at all relevant times a public-school district located in Jackson County, Missouri.

5. Defendant Dale Herl is a citizen and resident of Missouri. At all times, Dale Herl was acting in the course and scope of his employment for Independence District as Superintendent, and was responsible for the education, supervision, and safety of students attending Independence District, including A.D., as well as ensuring that the Independence District staff was properly trained to handle harassment and discrimination at Independence District.

6. Defendant Mike Becker is a citizen and resident of Missouri. At all times, Mike Becker was acting in the course and scope of his employment for Independence District as Principal, and was responsible for the education, supervision, and safety of students attending Independence District, including A.D., as well as ensuring that the Independence District staff was properly trained to handle harassment and discrimination at Independence District.

7. Defendant Robert Bluett, 3rd is a citizen and resident of Missouri. At all times, Robert Bluett was acting in the course and scope of his employment for Independence District as a teacher/coach and was responsible for the education, supervision, and safety of students attending Independence District, including A.D.

ADMINISTRATIVE REQUIREMENTS

8. At all relevant times, Defendant Independence District was a place of public accommodation within the meaning of the Title IX and Mo. Rev. Stat §213.010 et. seq., the Missouri Human Rights Act (MHRA).

9. On May 2, 2019 Plaintiff timely filed her complaint with the Missouri Commission on Human Rights alleging harassment and discrimination on the basis of sex in violation of the MHRA. After 180 days, the Missouri Commission on Human issued a Notice of Right to Sue letter to Plaintiff on December 6, 2019.

10. Plaintiff filed this action within ninety (90) days of the issuance of the Right to Sue letter.

11. Plaintiff exhausted all administrative remedies pursuant to the MHRA.

FACTS

12. Prior to, and on February 23, 2018, when Plaintiff was a minor child under the age of 18, Defendant Robert Bluett sexually harassed, coerced Plaintiff to send him nude photos, and verbally asked her about having a more intimate sexual relationship.

13. During the period of time prior to February 23, 2018, when Plaintiff was approximately 16 or 17 years of age, Defendant Robert Bluett made inappropriate sexual comments to her. Defendant Bluett's sexual abuse and harassment continued through Plaintiff's junior year of high school.

14. Defendant Bluett's sexual harassment escalated during Plaintiff's junior year of high school. Specifically, Defendant Bluett sexually harassed and sent inappropriate sexual text messages about having a more intimate sexual relationship. Robert Bluett coerced respondent into sending nude photographs from her phone to his snap chat social media account which he then saved to his cell phone. Defendant Robert Bluett threatened that if respondent did not send him nude photographs "something bad would happen to her." Defendant Robert Bluett texted inappropriate text messages asking her "What do you do when you are having sex with boys". Defendant Robert Bluett would seek her out in the school hallways during school and demand more photographs. Defendant Robert Bluett would comment about how good the complainant looked. Defendant Robert Bluett's sexual harassment worsened during the school year. Additionally, Defendant Robert Bluett coerced her into meeting him outside of school grounds.

15. Defendant Bluett also sent inappropriate and unwanted text messages to Plaintiff A.D.'s cell phone.

16. When Plaintiff's parents became aware that a sexual harassment report had been filed February 23, 2018 and further investigations and reports filed on April 12, 2018, Defendant Robert Bluett was arrested on April 11, 2018, and criminal charges were filed. Defendant Bluett was convicted of his crimes in Jackson County Missouri Circuit Court; Case No. 1816-CR01652-01.

17. Defendant Independence District kept Defendant Bluett employed until he was arrested on April 11, 2018. During this time Defendant Bluett was permitted unrestricted access to minor students at the school and Plaintiff A.D.

18. Further, prior to his conviction, the details of the sexual harassment and sexual abuse became published on social media accounts, Instagram and Facebook by other students at Independence District.

19. Since the sexual abuse and harassment, A.D. has been subjected to continued bullying and sexual harassment from other students and employees at the Independence District.

20. A.D.'s parents reported the continued bullying and sexual harassment by other students to Independence District officials, including Dale Herl, Mike Becker and staff but the bullying and sexual harassment continued due to the lack of adequate supervision by Defendants.

21. A.D. had to discontinue participation at Independence District and extracurricular activities at Independence District because she no longer felt safe in participating in school or school activities due to the continued sexual harassment and bullying by fellow students.

22. Independence District has a written Policy that specifically prohibits student-on-student sexual harassment/bullying and failed to adequately supervise Independence District students and allowed continued bullying and sexual harassment of A.D. by fellow students.

23. Defendants Dale Herl (superintendent) and Mike Becker (principal) knew that Defendant Robert Bluett was having inappropriate relationships with students and did not terminate his employment immediately upon further investigation.

24. Defendants Independence District, Dale Herl (superintendent) and Mike Becker (principal) failed to comply with Independence District's policy when they failed to adequately supervise the Independence District staff, and students by allowing continued bullying and harassment of Plaintiff after knowing of the improper conduct.

25. Prior to April 2018, Defendants Hale and Becker received a formal complaint made by a community member against Defendant Bluett, which alleged inappropriate sexual behavior with a student stating that Defendant Bluett sent inappropriate sexual text messages to a student.

26. Prior to April 2018, Defendant Bluett's sexual harassment was reported to the school, but the sexual actions and harassment continued due to lack of adequate supervision by Defendants Independence District, Hale, Becker.

27. At all relevant times, Defendants had specific duties to follow Missouri law and the Independence District policies (including but not limited to Mo. Rev. Stat § 160.775, 160.261, 167, 117, 210.110-165, and 213.065) to prevent bullying and sexual harassment or assault.

28. Independence District maintains a written Faculty Handbook, which contains provisions titled "Staff Conduct" and "Staff/Student Relations".

29. Defendants Handbook specifically prohibits teacher-on-student sexual harassment.

30. Despite knowledge of Defendant Bluett's inappropriate conduct, Defendant Hale and Defendant Becker failed to comply with Independence District's policy when they failed to adequately supervise Independence District staff, and by allowing continued bullying and sexual harassment of Plaintiff A.D.

31. As a direct and proximate result of Defendants' actions and inaction, Plaintiff A.D. suffered, and will continue to suffer, emotional distress, anxiety, depression, and loss of self-esteem.

32. As a direct and proximate result of Defendants' actions and inaction, Plaintiff A.D. has incurred, and is likely to incur in the future, medical and counseling expenses.

33. The actions or inaction of Defendants showed conscious disregard for the right of Plaintiff, and therefore punitive damages are warranted.

## COUNT I
Violation of Title IX of the Civil Rights Act of 1964

34. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

35. Independence District is a public school and place of public accommodation that receives federal funds.

36. Title IX prohibits sexual harassment of students in any school that receives federal funding.

37. The sexual harassment of Plaintiff A.D., as described herein, was so severe, pervasive, and objectively offensive that it deprived A.D. of access to educational opportunities or benefits provided by Defendants.

38. Defendants, by and through its agents and employees, had actual prior knowledge of Defendant Bluett's inappropriate behavior with students.

39. Defendants were deliberately indifferent to Plaintiff A.D.'s safety, as well as the harassment of A.D. and fellow students.

40. As a direct and proximate result of Defendants' violations of Title IX, Plaintiff A.D. was damaged.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendants for actual, compensatory, and punitive damages, plus attorneys' fees, expenses, costs, interest, and such other and further relief as the Court may deem just and proper.

## COUNT II
Violation of Missouri Human Rights Act, RSMo § 213

41. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

42. Independence District is a public school and place of public accommodation located within the state of Missouri.

43. Defendants, by and through its agents and employees, knew or should have known that Defendant Bluett posed a danger of sexual harassment to students.

44. As a result of the sexual harassment described herein, Defendants denied Plaintiff A.D. the advantages, facilities, services and/or privileges of attending Independence District in violation of the MHRA, on the basis of A.D.'s sex.

45. Defendants' violations of the MHRA caused, or contributed to cause, Plaintiff A.D.'s damages.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendants for actual, compensatory, and punitive damages, plus attorneys' fees, expenses, costs, interest, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Negligence

46. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

47. Defendants maintained written policy prohibiting harassment on the basis of sex, including teacher-on-student harassment, as set forth in the handbook provisions titled "Staff Conduct" and "Staff/Student Relations".

48. Missouri law also requires Defendants to put in place anti-bullying policies pursuant to RSMo §160.775.

49. At all relevant times, Defendants had specific legal duties to comply with mandatory laws and policies, including Independence District's Staff Conduct, Staff/Student Relations, Harassment and Retaliation, without regard to their own judgment or opinion concerning the propriety of the acts to be performed.

50. Defendants should have known that Defendant Bluett posed a danger of sexual harassment toward students.

51. Defendants were negligent in failing to adequately supervise its students, including but not limited to Plaintiff A.D., to prohibit violations of Missouri laws and public policy, as well as Defendants' policies against sexual harassment and sexual assault.

52. As a direct and proximate result of Defendants' negligence, Plaintiff was damaged.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendants for actual, compensatory and punitive damages, plus attorneys' fees expenses, costs, interest, and such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Respectfully Submitted,

**MONSEES & MAYER, P.C.**
A Professional Corporation

BY     /s/ David M. Mayer
      DAVID M. MAYER, #40861
      4717 Grand, Suite 820
      Kansas City, Missouri 64112
      (816) 361-5550
      (816) 361-5577 FAX

      **ATTORNEYS FOR PLAINTIFF**